IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KARAGAN KELLY**<br>5020 S. Hunters Court<br>Bensalem, PA 19020<br><br>And<br><br>**CRISTINE JOHNSON**<br>5020 S. Hunters Court<br>Bensalem, PA 19020<br><br>Plaintiffs,<br><br>vs.<br><br>**BRISTOL TOWNSHIP SCHOOL DISTRICT**<br>6401 Mill Creek Road<br>Levittown, PA 19057<br><br>And<br><br>**HARRY S. TRUMAN HIGH SCHOOL**<br>3001 Green Lane<br>Levittown, PA 19057<br><br>And<br><br>**JOHN DOE**<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>Civil Action No. |

## COMPLAINT

### Introduction

This action against the Bristol Township School District, Harry S. Truman High School, and John Doe arise under the Fourteenth Amendment to the United States

Constitution, 42 U.S.C. §§ 1983 and 1988, the Constitution of, and state laws of the Commonwealth of Pennsylvania.

### Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and venue is properly set in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants reside in this judicial district.

4. This Court has ancillary, pendent and supplemental jurisdiction over the Plaintiffs claims' arising under the Pennsylvania Constitution and the laws of the Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1367.

### Parties

5. Plaintiff, Karagan Kelly is an individual who lives in the Commonwealth of Pennsylvania at the address captioned above.

6. At the time of the causes of action complained of here, Ms. Kelly was a minor and a student at Bensalem High School located in Bucks County, Pennsylvania. Throughout her education, Ms. Kelly was targeted to graduate from High School in June, 2019.

7. Plaintiff, Cristine Johnson is the parent/natural guardian of Ms. Kelly, residing in the same household as Ms. Kelly, within the Commonwealth of Pennsylvania at the address captioned above.

8. The Defendant, Bristol Township School District is, on information and belief, a political subdivision of the Commonwealth of Pennsylvania with its principle place of business at the address set forth above.

9. The Defendant, Harry S. Truman High School is, on information and belief, a public high school within the Bristol Township School District, maintaining a principal office at the address captioned above.

10. At all times relevant, Defendants Bristol Township School District and Harry S. Truman High School acted or failed to act through its duly authorized agents, servants and/or employees acting on its business and within the course and scope of its authority.

11. The Defendant, John Doe is, on information and belief, a male individual and at the times relevant in this Complaint, a student of Harry S. Truman High School.

**Facts**

12. Defendant Harry S. Truman High School and Ms. Kelly's high school, Bensalem High School, are known to be athletic rivals, whereby student athletes from both high schools that participate in individual and team sports compete against each other.

13. The athletic rivalry between Harry S. Truman and Bensalem High School, whereby the two student bodies are placed in close proximity toward one another, is known to result in athletic and non-athletic students of these schools to cause threats of violence, actual violence, injuries, and insults against one another.

14. In or about December, 2016, following a boy's varsity basketball game between the two high schools, student athletes from both school teams and students in the stands from both schools began fighting amongst each other. At least one student was

injured, police were on the scene, video of the incident was published to the internet, and at least one local newspaper reported the incident.

15. Upon information and belief, as a result of this incident in December of 2016, Bensalem High School took measures to ensure said incident would not be repeated and that no students would be harmed as a result of similar incidents in the future.

16. Upon information and belief, following the December 2016 incident, Defendants Harry S. Truman High School and Bristol Township School District took improper measures to ensure similar incidents would not be repeated and students would not be harmed as a result of similar incidents in the future.

17. Upon information and belief, following the December 2016 incident and as a result of the measures taken by Bensalem High School, no similar incidents occurred during or after athletic events hosted at Bensalem High School.

18. Upon information and belief, following the December 2016, similar incidents did occur during and/or after athletic events hosted at Harry S. Truman High School.

19. Upon information and belief, the Defendant School District and High School knew, or in the exercise of reasonable diligence, should have known that taking improper measures to prevent students and student athletes from behaving in a threatening, violent, and/or harmful way would result in injuries to its students and students of visiting schools, including students from Bensalem High School.

20. On or about January 31, 2018, Ms. Kelly and her friends were attending a boy's varsity basketball game between Bensalem High School and Harry S. Truman High School. The game took place at Harry S. Truman High School.

21. During the game, Ms. Kelly and other witnesses observed students in the stands from each school making negative and derogatory comments at one another.

22. The comments of the students in the stands toward one another during the game can best be characterized as "fighting words".

23. When the game ended, school administrators, officials and/or employees required all students from both schools to exit the gymnasium at the same time and using the same exit.

24. Upon information and belief, the gymnasium at Harry S. Truman High School has multiple exits.

25. All students from both schools, including Ms. Kelly were required to exit the gymnasium and gather in a relatively small, mostly enclosed area while waiting to be picked up and driven home.

26. Upon information and belief, the area that the students were to gather was not monitored by any school administrators, officials, employees, or other individuals tasked with ensuring a safe environment for students or preventing a violent escalation among students from the two rival schools.

27. Upon information and belief, the area did not have properly functioning security cameras.

28. Ms. Kelly, along with several hundred other students of both schools, waited in the relatively small, mostly enclosed, designated meeting spot to meet up with her friends to drive home. While waiting and looking at her cell phone, all of a sudden, Ms. Kelly was trapped against a brick wall of Harry S. Truman High School because of a mob of students

fighting in the area. Ms. Kelly was punched and kicked while trapped. Ms. Kelly was eventually able to crawl out of the fighting mob. However, just as she stood up, Ms. Kelly was struck on the face and head by Defendant John Doe, causing her head to be slammed into the brick wall.

29. Upon information and belief, Defendant John Doe was wearing an olive green hoodie and timberland style boots.

30. While attempting to protect herself from the fighting mob of students and Defendant John Doe, and after Ms. Kelly had been knocked into the school's brick wall, Ms. Kelly noticed half of her finger nail on her left hand ripped off and was bleeding profusely.

31. As a direct and proximate result of the acts of the Defendants described herein, Mr. Kelly has suffered serious pain and suffering, including, but not limited to a concussion, post-concussion syndrome, migraine headaches, photophobia, oculomotor dysfunction, dizziness, fatigue, difficulty with speech including stuttering, difficulty with concentration, post-traumatic stress disorder, humiliation, embarrassment, severe mental anguish, aggravation of anxiety, depression, physical injuries to the neck and shoulders, difficulty with school work, difficulty with and an inability to attend and enjoy school activities and other social activities, and a general loss of life's pleasures.

32. As a direct and proximate result of the acts of the Defendants, Ms. Johnson has missed time from work and has incurred medical expenses in connection with the treatment of her daughter's injuries.

## COUNT I – 42 U.S.C § 1983
## STATE CREATED DANGER
### Plaintiffs v. Defendants Bristol Township School District and Harry S. Truman High School

33. Paragraphs 1 through 32 are hereby incorporated by reference as though fully set forth below.

34. Prior to and including January 31, 2018, Defendants:

   a. were aware that students of the rival high schools were prone to violence when placed in close proximity to one another;

   b. were aware of procedures to implement to prevent students of the rival high schools from being placed in close proximity to one another;

   c. had known of success in implementing proper procedures to prevent students of the rival high schools from being placed in close proximity to one another and prevent violence with resulting harm.

35. By Defendants actions on January 31, 2018 and as alleged in this Complaint, Defendants intentionally, knowingly, recklessly and with deliberate indifference to Ms. Kelly's Constitutional rights, misused State authority and enabled and created the venue for students of rival high schools to be in extremely close proximity to one another. This venue being the same location where other students including Ms. Kelly waited to be picked up, placed Ms. Kelly in a greater or heightened state of danger or serious risk of harm and bodily injury.

36. It was foreseeable that the actions of Defendants were a direct and proximate cause to the violation of Ms. Kelly's right to be free from bodily injury, a liberty interest protected by the Fourteenth Amendment to the United States Constitution.

37. Under the specific circumstances of this matter and alleged in this Complaint, the actions of Defendants shock the conscience.

**WHEREFORE,** as a direct and proximate result of the violation of Karagan Kelly's constitutional rights by the Defendants, Plaintiffs have suffered the general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §§ 1983 and 1988.

<u>**COUNT II – 42 U.S.C § 1983**</u>
<u>**CUSTOM, POLICY AND PRACTICE**</u>
**Plaintiffs v. Defendants Bristol Township School District and Harry S. Truman High School**

38. Paragraphs 1 through 37 are hereby incorporated by reference as though fully set forth below.

39. Defendants have adopted customs, policies, and practices which knowingly increase the risk of danger to students of school-run events, specifically including Ms. Kelly, in that Defendants:

> a. did not properly or adequately train, monitor and supervise administration, employees, and staff when hosting an athletic event between two rival high schools;
>
> b. did not properly or adequately prepare administration, employees, and staff with necessary capabilities to host an athletic event between two rival high schools;
>
> c. did not devise a proper or adequate dismissal custom, policy, or practice to take place upon the conclusion of an athletic event it hosts between two rival high schools.

40. Defendants have adopted customs, policies, and practices of creating a venue for students of rival high schools known to become violent, which Defendants know increases the risk of danger to students of the schools, specifically Ms. Kelly.

41. At all times relevant to this action, Defendants, through its officers, supervisors, policymakers and senior staff, knew or should have known of the existing custom, policies and practices, and refused to implement and adopt practices and policies which would have corrected same. Further, Defendants did not take measures to stop or limit the customs, policies and practices described above; and/or to adequately train, monitor and supervise administration, employees, and staff.

42. By not limiting or correcting the customs or practices described above; and by remaining deliberately and/or recklessly indifferent to creating a venue for violence, Defendants tolerated, condoned, acquiesced in, participated in and/or perpetuated in the creation of same, in violation of Ms. Kelly's rights under the Fourteenth Amendment of the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

**WHEREFORE,** as a direct and proximate result of the violation of Karagan Kelly's constitutional rights by the Defendants, Plaintiffs have suffered the general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §§ 1983 and 1988.

### COUNT III - ASSAULT & BATTERY
**Plaintiff Karagan Kelly v. Defendant John Doe**

43. Paragraphs 1 through 42 are hereby incorporated by reference as though fully set forth below.

44. The injuries sustained by Plaintiffs were caused wholly or in part as a result of the intentional tortious conduct of Defendant John Doe in some or all of the following particulars:

   a. Assault, whereby with force and intimidation, Plaintiff was up against a wall, surrounded and threatened with imminent harm;

   b. Battery, whereby defendant John Doe struck plaintiff in the head and face;

   c. Outrageous conduct in some or all of the foregoing occurrences.

**WHEREFORE**, as a direct and proximate result of the actions taken by Defendant, Plaintiffs have suffered the general and special damages as alleged in this Complaint and demand compensatory and punitive damages, an award of attorneys' fees and costs, and any other equitable remedy that the Court deems reasonable and just.

### COUNT IV - NEGLIGENT SUPERVISION OF JOHN DOE
**Plaintiffs v. Defendants Bristol Township School District and Harry S. Truman High School**

45. Paragraphs 1 through 44 are hereby incorporated by reference as though fully set forth below.

46. Defendants Bristol Township School District and Harry S. Truman High School had a duty to reasonably supervise students of its school and other students that it hosts at its school for school sanctioned student athletic events.

47. Defendants owed a duty to ensure those students in its care, custody, and control are not a threat or danger to the safety of students of its school and other students that it hosts at its school for school sanctioned student athletic events.

48. Defendants breached its duties owed to Plaintiffs by recklessly and/or

negligently supervising John Doe within the venue it created for students of rival high schools to become violent.

49. As a direct and proximate result of Defendants breach of duties, Plaintiffs suffered the damages and injuries as alleged in this Complaint.

**WHEREFORE**, as a direct and proximate result of the actions taken by Defendants, Plaintiffs have suffered the general and special damages as alleged in this Complaint and demand compensatory and punitive damages, an award of attorneys' fees and costs, and any other equitable remedy that the Court deems reasonable and just.

## COUNT V - NEGLIGENCE
**Plaintiffs v. Defendants Bristol Township School District and Harry S. Truman High School**

50. Paragraphs 1 through 49 are hereby incorporated by reference as though fully set forth below.

51. The damages sustained by Plaintiffs were the direct and proximate cause of the Defendants' negligence in some or all of the following particulars;

    a. failure to maintain functioning security cameras on the premises;

    b. failure to use due care in hiring and monitoring employees;

    c. failure to use due care with hiring and monitoring contractors;

    d. failure to properly train and/or supervise employees;

    e. improper care, custody, and control of the premises, including, but not limited to the failure to have operating security cameras;

    f. improper care, custody and control of the premises, including, but not limited to the improper design of the premises, rendering it unfit to host an

athletic event between two rival schools that are prone to violence when placed in close proximity toward one another.

52. Defendants are vicariously liable for the negligent conduct described herein and committed by its agents and employees.

**WHEREFORE,** as a direct and proximate result of the actions taken by Defendants, Plaintiffs have suffered the general and special damages as alleged in this Complaint and demand compensatory and punitive damages, an award of attorneys' fees and costs, and any other equitable remedy that the Court deems reasonable and just.

Date: 6/26/19

Respectfully,
H. ROSEN LAW, P.C.

By: _____
Howard A. Rosen, Esq.
H. Rosen Law, P.C.
1500 JFK Blvd., Ste. 1723
Philadelphia, PA 19102
215.948.2264
har@hrosenlaw.com

Attorney for Plaintiffs